(79 South. 159)

HUSKEY v. STATE. (8 Div. 600.)

(Court of Appeals of Alabama. June 29, 1918.)

1. ADULTERY ⟨⟩11—ADMISSION OF EVIDENCE.

At the separate trial of defendant under a joint indictment with the wife of the prosecuting witness on a charge of adultery, testimony relative to a pending divorce proceeding between the prosecuting witness and his wife, not offered for purpose of impeachment, is properly excluded.

2. ADULTERY ⟨⟩11—ADMISSION OF EVIDENCE.

On trial for adultery with the wife of prosecuting witness, evidence that members of the family of the witness continued to associate with defendant is properly excluded.

3. WITNESSES ⟨⟩370(1) — IMPEACHMENT — BIAS.

Where the defendant is charged with adultery with the wife of the prosecuting witness, and the facts proven are not inconsistent with defendant's innocence, evidence that the prosecutor had written to his wife, after their separation, professing his love and a desire to get her back, is admissible to show bias.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Walter Huskey was convicted of living in a state of adultery, and appeals. Reversed and remanded.[1]

The defendant was indicted jointly with another on the charge of living in a state of adultery. On the trial the defendant demanded a severance and was tried separately.

Paul Hodges, of Florence, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. [1, 2] On the trial the defendant undertook to inquire into a divorce proceeding then pending between W. J. Guyce, the prosecuting witness and husband of Mary Guyce, and Mary Guyce. The issues in the divorce proceeding between W. J. and Mary Guyce were not relevant to any issues in this case; the defendant not being a party to the divorce proceeding, and Mary Guyce not being here on trial. If the purpose was to contradict the witness W. J. Guyce, then testifying, the proper predicate was not laid. The rulings of the court on the various questions seeking to elicit this testimony were without error. It was not error to refuse to permit the defendant to show that members of the prosecuting witness' family continued to associate with the defendant. That fact could not be considered as tending to impeach the testimony of the prosecuting witness.

[3] The fact that the prosecuting witness, the husband of the joint defendant, after their separation, had written his wife, professing his undying love for her, and had tried to get her to return to him, was a fact that should have been allowed to go to the jury as tending to show the interest the prosecuting witness had in the prosecution of the defendant then on trial. Especially is this so in this case, the husband being the prosecutor (the prosecution having been begun by affidavit). The proof in this case, as disclosed by the record, is entirely lacking in that degree necessary to establish a single overt act of illicit intercourse. The most that can be said of its probative force is that there were some acts of indiscretion and circumstances from which the suspicions of the husband were aroused; but when these acts are taken in connection with the further fact, as shown by the testimony, that the defendant was only 22 years of age, and the woman with whom he is charged was 42, the mother of five grown children and a grandmother; that the defendant was a constant visitor at the home where the prosecuting witness and his family lived, such visits being frequently upon occasions when the prosecuting witness was present; that the family of the defendant and the family of the prosecuting witness were close neighbors, living about 150 yards apart; that both families

used the same spring, and all were living on the same place—such suspicious circumstances as may have been testified to might well have been reconciled consistent with the defendant's innocence, if the jury had been allowed to have the additional fact that the husband still loved his wife and wanted her to come back, as tending to show the bias of the witness in an effort to get rid of the defendant through a conviction in this case. Evidence to impeach a witness by showing bias or ill will against a party is always admissible. Jones v. State, 76 Ala. 8.

For the error in refusing to allow the defendant to make this proof, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.